UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-80066-LEIBOWITZ/REINHART

UNITED STATES OF AMERICA

vs.

DAVID RICARDO MONTECE ELIAS,

    **Defendant.**

_____/

**UNITED STATES' SENTENCING MEMORANDUM**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits this memorandum in support of sentencing the defendant to a sentence within the United States Sentencing Guidelines advisory guideline range providing a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). A downward variance would be unreasonable and contrary to the statutory factors. In support thereof, the government provides the following:

**Introduction**

    The § 3553(a) factors, including, the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment warrant an advisory guideline sentence.

    In sentencing, the Court must make an individualized assessment of the defendant and consider the need for the sentence imposed to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). The Court must also consider, among other factors, the nature and circumstances of the offense, the seriousness of the offense, and the need to provide just punishment for it. 18 U.S.C. § 3553(a)(1), (a)(2)(A); *United States v. Rosales-Bruno*, 789 F.3d

1

1249, 1253-54 (11th Cir. 2015) (citing 18 U.S.C. § 3553(a)(2)).

"The district court must treat the Guidelines as the starting point and the initial benchmark in selecting a sentence." *United States v. Vazquez*, 775 F.App'x 660, 662 (11th Cir. 2019) (quotation marks omitted). "The Guidelines are not only the starting point for most federal sentencing procedures but also the lodestar." *Id*. "A district court may impose a variance if it determines that the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *United States v. Sotolongo*, 343 F.App'x 482, 483 (11th Cir. 2009).

<u>Nature and Circumstances of the Offense</u>

The nature and circumstances of this offense compel an advisory guideline sentence due to the prolonged duration of the conspiracy, its substantial scope, and the defendant's deep, sustained involvement.

From approximately August 2021 until his arrest in April 2025, the defendant operated as a prolific international firearms trafficker. He trafficked not a handful, nor a dozen, but hundreds of firearms over nearly four years. Many of the seized firearms were privately manufactured firearms lacking serial numbers, rendering them untraceable. As courts have recognized, "weapons with altered or obliterated serial numbers are not usually possessed by law-abiding citizens for lawful purposes." *United States v. Hyde*, 2024 U.S. App. LEXIS 4107 at 7 (11th Cir. 2024). The presence of such weapons only heightens the seriousness of the offense.

The conspiracy was far-reaching and involved multiple indicted defendants and unindicted co-conspirators spanning Florida, Mexico, and Ecuador. Various members supplied, procured, concealed, or smuggled firearms. The defendant orchestrated these components to ensure delivery of the firearms to the transnational criminal organization "Los Choneros" in Ecuador.

2

Operating primarily from Mexico, the defendant coordinated logistics with associates in the United States to procure, transport, conceal, and smuggle firearms to Ecuador. Upon delivery, he arranged for payments to co-conspirators, including bribes to customs officials and freight forwarders, and used complex cryptocurrency transactions to facilitate financial transactions.

The extended duration of the conspiracy, the large volume of firearms, the international scope of the operation, and the defendant's central coordinating role all warrant a sentence within the advisory guideline range.

### To Reflect the Seriousness of the Offense

The seriousness of this offense cannot be overstated. The defendant engaged in a multi-year criminal enterprise involving the smuggling of firearms, possession of unregistered firearms, and repeated violations of federal law. His actions had tragic and far-reaching consequences in Ecuador. The defendant knew he was working for members of Los Choneros and understood—or should have clearly understood—that the firearms he trafficked would be used for violent and unlawful purposes.

Indeed, multiple firearms trafficked by the defendant were later used in violent crimes, including the assassination of the mayor of Manta[1], homicides of police officers, prison riots, and numerous shootings. More broadly, these weapons contributed to a destabilizing surge in cartel violence throughout Ecuador.[2] These grave impacts strongly support an advisory guideline sentence.

### To Promote a Respect for the Law

A significant sentence is necessary to provide both specific and general deterrence. Although the defendant has no prior criminal history, his conduct in this case demonstrates that he was not

---

[1] In Ecuador, the mayor of the city of Manta is assassinated in a brazen attack. https://www.nbcnews.com/news/latino/ecuador-mantas-mayor-assassinated-brazen-attack-rcna95918
[2] How Ecuador went from tourist haven to a nation in the grip of gangs. https://www.bbc.com/news/world-latin-america-68778773

easily deterred. He knew that U.S. law enforcement was actively investigating him and that ATF and HSI routinely intercepted concealed firearms shipments as early as 2021. Despite this, he persisted in the conspiracy for nearly four years.

His disregard for the law is further reflected in the photographs and communications recovered from his phone, which document his continued commitment to the criminal enterprise.



A sentence within the advisory guideline range is necessary to deter this defendant and others inclined to engage in similar international firearms-trafficking conduct.

The Defendant's History and Characteristics

Although the defendant lacks a criminal history, his personal background underscores, rather than mitigates, the seriousness of his choices. He was raised by supportive parents in "one of the most exclusive sectors of Guayaquil," attended private schools throughout his life, and reports no physical or mental health conditions. Unlike many defendants who appear before the Court, he had substantial advantages and opportunities—yet he elected to participate in an extensive and lucrative criminal conspiracy over several years. His history and characteristics do not support a variance.

<u>To Avoid Unwarranted Sentencing Disparities</u>

A sentence within the advisory guideline range will not create unwarranted disparities among defendants with similar records convicted of similar conduct. Five co-defendants have been sentenced to terms of 6, 46, 87, 108, and 151 months. Although these sentences are lower than the defendant's advisory range, the differences are justified.

None of those defendants served as managers or supervisors, recruited others into the conspiracy, earned millions of dollars in criminal proceeds, or participated throughout the conspiracy's full duration. Many ceased their involvement following early seizures in the case. The defendant, in contrast, continued his criminal activity even as law enforcement arrested his associates.

Accordingly, a within the advisory guideline range will not produce an unwarranted disparity.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court sentence the defendant to a term of imprisonment within the advisory guideline range.

Respectfully submitted,
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY:  _/s/ Brian R._

Brian D. Ralston
Assistant United States Attorney
Court ID No. A5502727
500 South Australian Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: (561) 209-1068
Email: brian.ralston@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Brian Ralston*
BRIAN D. RALSTON
Assistant United States Attorney

## SERVICE LIST

**United States of America v. Montece Elias**
**Case No. 25-CR-80066-DSL**
**United States District Court, Southern District of Florida**

**Brian Ralston**
U.S. Attorney's Office
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
561-820-8711
Brian.Ralston@usdoj.gov
Attorney for USA

**Richard Della Fera**
500 E Broward Blvd
Suite 1710
Fort Lauderdale, Florida
954-848-2872
rdf@rdfattorney.com
Attorney for Montece Elias

7